Stephen Duncan *v.* Board of Levee Commissioners.

Eminent Domain.  *Damages.    Land left outside a levee.    Constitution*
1890, § 238.

On a condemnation of land for levee purposes, the owner is not en-
titled, under § 238, constitution 1890, to damages because a part of
his land is left outside of the levee; but is entitled to damage
caused by the levee itself, such as the obstruction of drainage on
land so situate.

From the circuit court of Issaquena county.

Hon. John D. Gilland, Judge.

The appellant, Duncan, was the owner of a plantation in
Issaquena county.    It was bounded on the west by the Missis-
sippi river, and many years previous a levee had been con-
structed along, but some distance back from, the river which
protected the land from overflow.    The bank of the river was
caving and the stream was approaching so near to this old levee
as to endanger it.    This condition of affairs caused the Board
of Mississippi Levee Commissioners to determine that a new
levee was necessary, and it proposed to build one, some distance
to the east of the old levee, which would leave a part of Dun-
can's land outside, or west, of the new levee, and outside of its
protection.    The drainage of the land was to the east, away·
from the river.    Some valuable houses were upon the land
which would thus be placed between the old and the new levee.
The levee commissioners, acting under the statute giving au-
thority (Laws 1884, p. 163), instituted condemnation proceed-
ings for the purpose of acquiring the right to construct the
new levee on Duncan's land, and to ascertain the damages to
be paid him.    Commissioners were appointed in pursuance of
law, who, having viewed the premises, made an award in which
they gave Duncan damages, as follows: For land occupied by

levee and barrow pits, $1,069.20; for growing corn, $11; fencing, $116.20; land between levees, damaged by obstruction of drainage, $456; sipe ditch, $275.28; growing cotton, $141.50. Total, $2,069.18. Duncan was not satisfied with the award, under the law cited, and took proceedings in the circuit court, objecting to the same. He specified as objections:

1. That the damages allowed by the commissioners to the land between the levees, occasioned by the obstruction of drainage, was too small, and should have been $2,280.

2. The sum allowed for fencing was but one-half what it should have been.

3. The commissioners refused to allow anything for the damage to buildings and improvements situate between the levees, occasioned by the obstruction of drainage, or for the cost of removing said buildings. They should have allowed $3,300.

These objections were all controverted by the appellee.

On the trial of the case in the circuit court, evidence was offered showing that the land between the levees would, because of the obstruction of drainage, be covered with water for a large part of every year, and tending to maintain each of the objections to the award. The court below instructed the jury, at the request of the appellee, to allow no damages to the houses or the land thrown outside of the new levee, and refused instructions asked by Duncan authorizing such allowances. The jury found a verdict giving Duncan $232.40, and this was for fencing alone. A judgment having been entered accordingly, and a motion for a new trial disallowed, Duncan appealed.

It will be noted that objection was not made to the allowance by the commissioners of $1,069.20 for land occupied by new levee and barrow pits. While the record is silent upon the subject, it is presumed that this was paid.

Section 238 of the state constitution is as follows: "No property situated between the levee and the Mississippi river shall be taxed for levee purposes, nor shall damage be paid to

any owner of land so situated because of its being left outside a levee.''

*W. S. Farish* and *Calhoon & Green*, for appellant.

The court below placed too rigid an interpretation on section 238 of the constitution. The section must be construed in reference to section 17 of the same instrument, which provides that ''private property shall not be taken or damaged for public use, except on due compensation being first made,'' and, being against common right as set forth in section 17, the construction should be *stricti juris* in favor of private right.

Neither the cases of *Commissioners* v. *Harklerouds*, 62 Miss., 807, and *Richardson* v. *Levee Commissioners*, 68 Miss., 539, or section 238 of the constitution affect appellant's claim in this case. He is not claiming damages to his property ''because of its being left outside of a levee,'' but his claim is that the new levee destroyed drainage and made a lake of his land by confining the rainwater. The land was protected before; it is ruined now.

*Walter Sillers*, for appellee.

Under section 238 of our state constitution, and the decisions of this court in *Commissioners* v. *Harkleroads*, 62 Miss., 807, and *Richardson* v. *Levee Commissioners*, 68 Miss., 539, the appellant has no just cause of complaint of the result in the circuit court. The appellee cannot rightfully be made to pay damages which result from the location of the old levee. Nor should it be held because in case of the particular public work under consideration some of the appellant's land will be located between the old and the new levee. It would be an injustice to the people who pay burdensome taxes to be compelled to pay for land that the board is bound to abandon on account of caving banks.

Argued orally by *S. S. Calhoon*, for appellee.

WHITFIELD, J., delivered the opinion of the court.

Section 238 of the constitution excludes compensation for damages accruing to land "because of its being left outside a levee"—that is, damages inflicted upon the land by the Mississippi river, the *vis major*, the public enemy. "Left outside a levee" presents the idea of defencelessness as against the ravages of the river—the land is "left outside," left unprotected by the levee. The complementary clause of the section exempts the owner from levee taxes. The idea, the thought, of § 238, is that as the land "left outside a levee," is to be without levee protection against the river, therefore, it shall not be taxed for levee purposes. All damages, therefore, which accrue to lands from the ravages of the river, because not protected against it by the levee, are not to be compensated for. But damages produced by independent causes, other than being left outside the levee, if in their nature allowable within the rules of law, are still recoverable. Take the case of land so situated—high at the river, with declination and drainage eastward—that the river rarely or never overflows it, and which yields annual crops of great value, yet such, also, in its topography, that were the levee built along its eastern base, rain water, which had theretofore been carried off through natural or artificial drains eastward, would be backed up over it, and destroy its crops. Manifestly this is not damage accruing because of the lands being left outside the levee, but because of the construction of the levee over lands of that situation and topographical character; damages caused, to put it otherwise, not because the lands were unprotected by the levee, but caused by the levee itself.

If the lands had been inside the levee and the declinations and drainage westward towards the levee, damages caused by the obstruction of such drainage would be recoverable, not because the lands were inside the levee, but because of such obstruction where and as it was produced. Whether inside or outside the levee, if the damage to the land is caused by the

obstruction of proper drains, natural or artificial, which flow, by reason of the declination of the land, in the one case eastward to the levee, and in the other westward to the levee, it is in both cases damage accruing, not because the land is left to the ravages of the river, unprotected by a levee, but caused by the building of the levee itself where and as built, over land of that topographical surface. This case falls within these principles—the land draining to the levee—so far as the claim for damages caused by obstruction of drainage is concerned. Nothing should have been allowed for cost of removal of the buildings to the protected side of the levee, because that is made necessary by their being left outside the levee. They must be very speedily removed to save them from the river, and the cost of their removal, therefore, is directly due to the fact that they are left outside the levee. Cost of such removal in (as to this point) a substantially identical case, was denied in *Richardson* v. *Levee Commissioners*, 68 Miss., 539. For the error in the action of the court as to damages due to obstruction of drainage, the case is

*Reversed and remanded.*